## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  18-168** |
| **ALEX SAUNDERS** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 filed by Alex Saunders ("Petitioner").[1] The United States of America ("Government") opposes the Motion. [2] Petitioner filed a reply. [3] The Motion was submitted for this Court's consideration on April 24, 2023. For the reasons that follow, Petitioner's Motion is **DENIED** because it is untimely.

## BACKGROUND

Petitioner was a Jamaican national living in New Orleans, Louisiana and attending a local university on an athletic scholarship.[4] At some point before August 2013, Petitioner was recruited to participate in a lottery scam based in Jamaica.[5] As part of the scheme, "callers" would call elderly or mentally impaired victims living in the United States and tell them they had won the Publisher's Clearing House ("PCH") sweepstakes.[6] But, there was a catch: in order to claim the PHC winnings, the callers told the victims they owed taxes or fees and needed to send money to, among others, Petitioner.[7] All told, from August 2013 to

---

[1] R. Doc. 47.
[2] R. Doc. 60.
[3] R. Doc. 61.
[4] R. Doc. 20 at p. 1 (factual basis signed by defense counsel, Alex Saunders, and the Assistant United States Attorney).
[5] *Id.*
[6] *Id.* at p. 2.
[7] *Id.*

December 2015, Petitioner transferred over $150,000 of ill-gotten gains to various bank accounts in Jamaica as part of the scheme.[8]

Accordingly, on August 3, 2018, Petitioner was charged with one count of conspiracy to commit mail fraud and wire fraud pursuant to 18 U.S.C. § 371 on account of his role in the lottery scheme.[9] Three months later, on October 24, 2018, Petitioner (who was represented) entered a plea of guilty pursuant to a written plea agreement.[10] On May 14, 2019, Petitioner was sentenced to five years' probation.[11] Judgment was entered on May 15, 2019.[12]

Shortly before he entered his plea of guilty, on September 28, 2018, Petitioner submitted to U.S. Citizenship and Immigration Services ("USCIS") an I-485 Application to Register Permanent Residence seeking to adjust his citizenship status.[13] USCIS denied the Application on April 14, 2020.[14] On account of Petitioner's guilty plea in the instant case, USCIS determined Petitioner was "inadmissible to the United States."[15] Petitioner "applied for a waiver of this inadmissibility [on September 20, 2019], but USCIS denied [his] application in a decision dated April 15, 2020."[16] On or about February 23, 2021, Petitioner was ordered deported,[17] though he has apparently been permitted to remain at large under supervision pending future removal proceedings.[18]

---

[8] *Id.* at p. 8.
[9] R. Doc. 1.
[10] R. Doc. 18.
[11] R. Doc. 43.
[12] R. Doc. 44.
[13] R. Doc. 60-1.
[14] *Id.*
[15] *Id.* at p. 1 (detailing this Court's sentence imposed on May 14, 2019 and determining Petitioner is "inadmissible to the United States").
[16] *Id.* at pp. 1, 7, 9.
[17] R. Doc. 60-3.
[18] R. Doc. 47-1 at p. 2 (Petitioner's contention that he has been permitted to remain at large).

On January 10, 2023, Petitioner, who is represented by counsel, filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 claiming his prior attorney provided constitutionally ineffective assistance of counsel when counsel "failed to advise Petitioner of the immigration consequences of his plea of guilty" before pleading guilty.[19]

## LAW AND ANALYSIS

### I.  Petitioner's Motion is untimely.

Pursuant to 28 U.S.C. § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct the sentence.[20] "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentence.'"[21] Section 2255(f) provides that a one year statute of limitation applies to § 2255 motions. "The limitation period shall run from the latest of—

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[22]

---

[19] R. Doc. 47-1 at p. 2.
[20] Both the Petitioner and the Government agree Alex Saunders, who is serving a term of probation rather than a prison sentence, is a "federal prisoner in custody" for purposes of § 2255(a) and, thus, has standing to file this motion. R. Doc. 47-1 at p. 3; R. Doc. 60 at p. 5, n.3; *see also Coronado v. U.S. Bd. Parole*, 540 F.2d 216, 217 (5th Cir. 1976) ("[T]he federal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of seeking habeas relief.").
[21] *Cox v. Warden, Fed'l Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).
[22] 28 U.S.C. § 2255(f).

Subsections (1) and (4) of § 2255(f) are implicated by Petitioner's Motion. With respect to subsection (1), if the Petitioner did not file an effective notice of appeal, his judgment of conviction becomes final upon the expiration of the period for filing a notice of direct appeal.[23] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal. This Court sentenced Petitioner on May 14, 2019 and judgment was entered on May 15, 2019;[24] no appeal was filed. Thus, his conviction became final on May 29, 2019. Petitioner filed the instant Motion on January 10, 2023.[25] Thus, Petitioner's Motion is untimely under § 2255(f)(1) by approximately 2.5 years.[26]

With respect to subsection (4), by Petitioner's own telling, Petitioner "contends that he was unaware of the ramifications of his hasty plea of guilty" on his immigration status until his I-485 Application to Register Permanent Residence was denied on April 14, 2020.[27] Again, Petitioner filed the instant Motion on January 10, 2023.[28] Thus, Petitioner's Motion is untimely under § 2255(f)(4) by approximately 1 year and 8 months.[29] Despite being untimely under § 2255(f), Petitioner contends he is entitled to equitable tolling of the one-year statute of limitation.

## II.   Petitioner is not entitled to equitable tolling.

Petitioner has not carried his burden of establishing an entitlement to equitable

---

[23] *United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008).
[24] R. Doc. 43 (minute entry from sentencing hearing); R. Doc. 44 (judgment).
[25] R. Doc. 47.
[26] Petitioner concedes his § 2255 Motion is untimely. R. Doc. 47-1 at p. 4.
[27] *Id*. at p. 3.
[28] R. Doc. 47.
[29] Petitioner concedes his § 2255 Motion is untimely. R. Doc. 47-1 at p. 4.

tolling. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."[30] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[31] This standard requires "reasonable diligence, not maximum feasible diligence."[32] "Equitable tolling is permissible only in rare and exceptional circumstances," and is not extended "to instances of excusable neglect."[33] "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[34]

Petitioner offers four reasons in support of his contention that "he is entitled to equitable tolling."[35] First, Petitioner argues he is entitled to equitable tolling on account of his ignorance of the immigration consequences of his plea until at the earliest April 14, 2020 because his sixth amendment right to effective assistance of counsel in the underlying criminal proceedings was violated. This argument fails. The operation of § 2255 has already taken into consideration the possibility that the one-year clock did not start to run until April 14, 2020—even then, the Motion to Vacate is still untimely. Additionally, courts have recognized that the nature of an ineffective assistance of counsel claim itself does not warrant equitable tolling[36] because incorrect legal advice generally does not by itself rise to the level of an extraordinary circumstance preventing timely filing.[37] Here, Petitioner's former counsel did not prevent Petitioner from pursuing his

---

[30] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[31] *United States v. Jackson*, 470 Fed. Appx. 324, 329 (5th Cir. 2012) (citations and quotations omitted).
[32] *Id.* (citations and quotations omitted).
[33] *Id.* (citations and quotations omitted).
[34] *Id.* (citations and quotations omitted).
[35] R. Doc. 47-1 at p. 4.
[36] *See Ademiju v. United States*, 999 F.3d 474, 477-78 (7th Cir. 2021).
[37] *See United States v. Sealed Appellant 1*, 70 Fed.Appx. 774 (5th Cir. 2003).

claim or timely filing his § 2255 motion; rather, the deficiency "forms the very basis of his claim."[38]

Second, Petitioner argues he is entitled to equitable tolling because his "status as a foreign national and as a non-lawyer further retarded his understanding of the relevant law and reduced the opportunities for him to speak with counsel capable of advising Petitioner of his rapidly diminishing window to seek relief."[39] This argument fails. While "[t]he Fifth Circuit has not yet addressed whether a language deficiency may constitute an extraordinary circumstance for the purposes of equitable tolling,"[40] it has expressly held "ignorance of the law or of statutes of limitations is insufficient to warrant tolling."[41] Additionally, it has opined "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."[42] Furthermore, the Tenth Circuit has also said the fact that a movant may be a foreign national with poor education provides no basis for equitable tolling.[43] Thus, after a "consideration of the equities presented" in this case,[44] the Court finds that Petitioner has not met his burden of showing that some extraordinary circumstance stood in his way and prevented him from timely filing a § 2255 motion on account of his status as a foreign national and lack of legal knowledge.

Third, Petitioner argues he is entitled to equitable tolling because of "the dangers Petitioner faces if deported," namely "the risk of reprisal upon his return to Jamaica,

---

[38] *United States v. Jackson*, Fed. App'x 324, 330 (5th Cir. 2012).

[39] R. Doc. 47-1 at p. 5.

[40] *United States v. Gutierrez*, 2012 WL 1606659, at *2 (W.D.La. 5/3/2012).

[41] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

[42] *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

[43] *See United States v. Cordova*, 202 F.3d 283, at *1 (10th Cir. 1999) (table) ("Lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the ... limitations period.") (citing *Turner*, 177 F.3d at 392).

[44] *Navar-Garcia v. United States*, 2013 WL 327669 (W.D. TX. 1/29/2013) (internal quotations omitted).

including physical harm and death" on account of "his plea of guilty."[45] This conclusory statement does not establish "that some extraordinary circumstance stood in [Petitioner's] way and *prevented* timely filing," which is the task at hand.[46] To the contrary, it serves to reason that fear of retaliation in Jamaica upon being deported from the United States would motivate (not prevent) a timely filing of the § 2255 motion. Moreover, Petitioner offers "no facts or evidence to support this assertion," even though it is Petitioner who "bears the burden of proof in presenting facts to prove extraordinary circumstances."[47] Conclusory and unsupported assertions are insufficient to justify equitable tolling, and Petitioner has not shown extraordinary circumstances prevented timely filing.

Fourth, Petitioner argues he is entitled to equitable tolling because he "has been diligently pursuing his rights . . . in the realm of immigration, . . . just not from *this* Court."[48] Petitioner's argument reflects a fundamental misunderstanding of the equitable tolling framework. Petitioner conflates immigration-status relief with criminal-conviction relief. These are two separate matters addressed in different forums. Pursuing immigration relief has no bearing on whether Petitioner diligently pursued his rights related to his criminal conviction or whether extraordinary circumstances prevented the timely filing of his § 2255 motion.[49]

At bottom, considered alone and together, the four reasons offered by Petitioner

---

[45] R. Doc. 47-1 at p. 5.
[46] *United States v. Barnes*, 2020 WL 6931287, at *3 (M.D. La. 11/24/2020) (Dick, J.) (defendant's physical and mental health issues, unfair disciplinary proceedings, and fear of retaliation did not warrant equitable tolling; "[d]efendant fails to show how, exactly, these alleged infirmities qualify as circumstances that prevented her filing").
[47] *Id.*
[48] R. Doc. 47-1 at p. 5 (emphasis in original).
[49] *See, e.g., Reyes v. United States*, 2009 WL 274482, at *2 (S.D.N.Y. 2/3/2009); *Shaw v. United States*, 2015 WL 5782125, at *4 (S.D. Ala. 8/27/2015).

for equitable tolling fail. "[E]quity simply does not call for tolling on these facts."[50]

### III.    The Court will not issue a certificate of appealability.

"When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability."[51] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[52] This requires Petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement or to proceed further."[53] With respect to claims denied on procedural grounds, Petitioner must make a two-part showing that: (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[54]

Petitioner's Motion to Vacate Sentence does not satisfy these standards. For the reasons stated herein, the Court finds Petitioner's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor do they deserve encouragement to proceed further or engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

### CONCLUSION

**IT IS ORDERED** that Petitioner's Motion to Vacate Sentence pursuant to 28

---

[50] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *see also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").
[51] *United States v. Williams*, 2019 WL 2603657, at *3 (E.D. La. 6/25/2019) (Vance, J.).
[52] 28 U.S.C. § 2253(c)(2).
[53] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[54] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

U.S.C. § 2255 is **DENIED AS TIME-BARRED**.[55]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this 4th day of May, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[55] Because the Court finds Petitioner's Motion untimely, the Court declines to reach the merits of Petitioner's Motion. *See* R. Doc. 47-1 at pp. 6-10 and R. Doc. 61 (Petitioner's arguments); R. Doc. 60 at pp. 11-19 (Government's arguments in opposition).